UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------------X
NORTHFIELD INSURANCE COMPANY

                                            Plaintiff,

                                    -against-

Case No.

PRIME INSURANCE COMPANY

                                            Defendant.
---------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Northfield Insurance Company ("Northfield"), by and through its undersigned counsel, as and for its Complaint against Defendant Prime Insurance Company ("Prime"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. Northfield provided a defense and indemnification to BCM Relocation, LLC ("BCM") in a lawsuit entitled *Toby Wander v. BCM Relocation, LLC and Park Tower Stamford Association, Inc.* in the Superior Court of Connecticut, Judicial District of Stamford (the "Underlying Action").

2. BCM has a Commercial Automobile insurance policy issued by Prime Insurance Company ("Prime"), which policy was in full force and effect at the time of the incident at issue in the Underlying Action.

3. In the instant action, Northfield seeks a declaration that Prime was obligated to defend and indemnify BCM in the Underlying Action as an insured under the applicable Prime policy on a primary, non-contributory basis and without a reservation of rights, and that Northfield

is entitled to judgment for reimbursement from Prime of all defense and indemnity costs incurred by Northfield on behalf of BCM in the Underlying Action.

## PARTIES

4. At all times relevant hereto, Northfield was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

5. Upon information and belief, at all times relevant hereto, Prime was and is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business in Utah.

6. Based upon the foregoing information, Northfield is a corporate citizen of the State of Connecticut, while Prime is a corporate citizen of the State of Illinois.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201.

8. In the Underlying Action, Toby Wander ("Claimant") sought recovery for alleged serious and permanent personal injuries and ultimately secured a settlement payment totaling in excess of $75,000. Therefore, the value of the Underlying Action exceeds $75,000.

9. Venue is proper in this Court, pursuant to 28 U.S.C. Section 1391(b), in that both the relevant Northfield and Prime policies were issued in the State of New Jersey, such that a substantial part of the events giving rise to this claim occurred in this judicial district.

10. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Prime.

11. Northfield has no adequate remedy at law.

## THE RELEVANT POLICIES

12. Northfield issued a general liability policy to BCM bearing policy number WS465496 for the policy period April 13, 2021 to April 13, 2022 (the "Northfield Policy").

13. The Northfield Policy does not provide coverage to BCM for loading or unloading of an "auto", which is defined under the Northfield Policy as:

> 2. "Auto" means:
>
>    a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
>
>    b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

14. In endorsement S267-CG (6/14), the Northfield Policy defines "loading or unloading" as follows:

> **3. LOADING OR UNLOADING**
>
> The following replaces the definition of "loading or unloading" in the **DEFINITIONS** Section:
>
> "Loading or unloading" means the handling of any person or property:
>
> a. After it is moved from the place where the person or property is accepted for movement into or onto an aircraft, watercraft or "auto";
>
> b. While in or on an aircraft, watercraft or "auto"; or
>
> c. While being moved from an aircraft, watercraft or "auto" to the place where the person or property is finally delivered.
>
> However, "loading or unloading" does not include the movement of any person or property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

3

15. Endorsement S2582-CG (1/13) of the Northfield Policy contains an exclusion associated with "loading or unloading" activity undertaken by an insured "auto" which states, in pertinent part, as follows:

**EXCLUSION – AIRCRAFT, AUTO OR WATERCRAFT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

1. The following replaces Exclusion **g., Aircraft, Auto or Watercraft, of SECTION I – COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY;**

    g.  **Aircraft, Auto Or Watercraft**

    "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured, an agent of any insured, or an independent contractor providing services for or on behalf of any insured. Use includes operation and "loading or unloading".

    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured, an agent of any insured, or an independent contractor providing services for or on behalf of any insured …

16. Prime issued a Commercial Auto policy to BCM (policy PC21032316, in effect between March 22, 2021 and March 22, 2022) (the "Prime Policy").

17. To date, while Prime has refused to provide Northfield with a copy of the Prime Policy, upon information and belief, Northfield alleges the Prime Policy provides "auto" coverage as described in the Northfield Policy.

**FACTUAL BACKGROUND**

18.     On July 9, 2021 Claimant, an 81-year old resident, tripped and fell in the hallway of the 22nd Floor of Park Tower Stamford located at 1 Broad Street in Stamford, Connecticut ("the Premises") when her left foot caught between two pieces of Masonite temporary flooring placed in the hallway to cover carpeting while employees of BCM were moving items at the Premises.

19.     Claimant filed the Underlying Action on November 3, 2021 seeking damages for her injuries from the July 9, 2021 incident.

20.     Northfield provided a defense to BCM in the Underlying Action and ultimately agreed to fund a substantial portion of the global settlement of the Underlying Action.

21.     Shortly before entry into the March 2023 settlement of the Underlying Action, Northfield conducted an internal assessment of potential alternative coverage sources for BCM and initiated a dialogue with Prime, with Northfield requesting Prime provide coverage for BCM's defense and indemnity costs relative to the Underlying Action.

22.     Prime issued a March 16, 2023 disclaimer letter to Northfield denying any coverage obligations to BCM relative to the claims at issue in the Underlying Action.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

23.     Northfield repeats, realleges and incorporates each and every allegation contained in paragraphs "1" through "22" above as if fully set forth herein.

24.     The Prime Policy provides coverage for the "loading or unloading" of the insured BCM vehicle involved in the July 9, 2021 incident at the Premises.

25.     The coverages provided to BCM under the Prime Policy are primary to, and non-contributory with, any coverage provided by the Northfield Policy with respect to the Underlying Action.

26. Accordingly, Northfield seeks a declaration that Prime was obligated to defend and indemnity BCM in the Underlying Action as an insured under the Prime Policy without a reservation of rights; that the coverages provided by the Prime Policy are primary; and that the obligations of Northfield to BCM are excess to proper exhaustion and full payment of the limits of the Prime Policy and subject to the terms and exclusions contained in the Northfield Policy.

27. In addition, Northfield seeks an award at law and in equity against Prime for recovery of all sums Northfield paid in the defense and indemnification of BCM in the Underlying Action because the coverages provided by the Prime Policy are primary to any coverage provided to BCM by Northfield, which Northfield coverage is also subject to the terms and exclusions contained in the Northfield Policy.

## **PRAYER FOR DECLARATORY RELIEF**

WHEREFORE, Plaintiff Northfield respectfully requests that this Court issue judgment as follows:

1. Declaring that the Prime Policy was in full force and effect on the date of the injury alleged by Claimant in the Underlying Action;

2. Declaring that all terms and conditions of the Prime Policy have been met;

3. Declaring that the Underlying Action and the alleged accident upon which it is based fall within the coverage afforded by the Prime Policy;

4. Declaring that Defendant Prime owed a duty to defend BCM in connection with the Underlying Action without a reservation of rights;

5. Declaring that Defendant Prime owed a duty to indemnify BCM in connection with the Underlying Action without a reservation of rights;

6. Declaring that Defendant Prime's coverage obligations to BCM with respect to the Underlying Action are primary;

7. Declaring that Plaintiffs Northfield's coverage obligations under the Northfield Policy toward BCM with respect to the Underlying Action are excess to those of Defendant Prime and subject to the terms and exclusions contained in the Northfield Policy;

8. Declaring that an actual controversy exists between Plaintiffs Northfield and Defendant Prime with respect to Prime's duty to reimburse Northfield for the amounts Northfield paid to defend and indemnify BCM in connection with the Underlying Action;

9. Awarding judgment against Prime in an amount equal to the sums that Northfield incurred in defending and indemnifying the claims against BCM in the Underlying Action;

10. Granting an award in favor of Northfield for the costs of suit incurred herein;

11. Granting Northfield a compulsive order/injunctive relief requiring Prime to assume and pay for BCM's defense and indemnification in the Underlying Action, with this order deemed enforceable by a future contempt motion;

12. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 27, 2023

USERY & ASSOCIATES

By: _/s/ Michael E. Buckley_
Michael E. Buckley
Attorneys for the Plaintiff
Northfield Insurance Company
Direct: 917.778.6411
Fax: 844.571.3789
Email: mbuckle4@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 6th Floor
New York NY 10017